[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15838
Non-Argument Calendar
_____

Agency No. A088-053-032


WILLIAM ANTONIO ALAS-MURCIA,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 24, 2014)

Before WILLIAM PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

William Alas-Murcia seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's denial of his application for temporary protected status ("TPS"). On appeal, Mr. Alas-Murcia argues that the Attorney General exceeded his authority and contravened Congressional intent in the manner in which he promulgated regulations governing TPS applications.

## I

We generally review questions of law *de novo*. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006). We evaluate whether an agency's regulation impermissibly conflicts with its governing statute by applying the two-step test articulated in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1318 (11th Cir. 2006). First, we determine "whether Congress has directly spoken to the precise question at issue." *Id.* (quotations omitted). If Congress' intent is clear, we, "as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 1318-19 (quotation omitted). If Congress has not directly addressed the matter or the statute is ambiguous with respect to the matter, we move "to *Chevron*'s second step to decide whether the agency's regulation is based on a permissible construction of the statute." *Id.* at 1319 (quotation and bracket omitted). Where Congress gives an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation, as opposed to failing

2

to address the precise question, "the agency's legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* (quotations omitted).

TPS is authorized by 8 U.S.C. §1254a, and "allows eligible nationals of a foreign state to temporarily remain in the United States during the pendency of that state's designation for the TPS program." *Cervantes v. Holder*, 597 F.3d 229, 231 (4th Cir. 2010). The Attorney General may designate any foreign state for TPS if, among other things, he finds that "there has been an earthquake, . . . or other environmental disaster in the state resulting in a substantial, but temporary, disruption of living conditions in the area affected." Immigration and Nationality Act ("INA") § 244(b)(1)(B)(i), 8 U.S.C. § 1254a(b)(1)(B)(i).

On March 9, 2001, the Attorney General designated El Salvador under the TPS program due to devastating earthquakes that occurred in that country in February of 2001. *See* Designation of El Salvador Under Temporary Protected Status Program ("El Salvador Designation"), 66 Fed. Reg. 14214-01. El Salvador's designation for TPS has been continually extended, and the current extension remains in effect until March 19, 2015. *See* Extension of the Designation of El Salvador for Temporary Protected Status, 78 Fed. Reg. 324 18-01.

Any alien who is a national of a designated foreign state may be granted TPS if:

(i)      the alien has been continuously physically present in the United States since the effective date of the most recent designation of that state;

(ii)     the alien has continuously resided in the United States since such date as the [Attorney General] may designate;

(iii)    the alien is admissible as an immigrant, except as otherwise provided under paragraph (2)(A), and is not ineligible for [TPS] under paragraph (2)(B); and

(iv)     to the extent and in a manner which the [Attorney General] establishes, the alien registers for the [TPS] under this section during a registration period of not less than 180 days.

INA § 244(c)(l)(A), 8 U.S.C. § 1254a(c)(l)(A).

## II

In initially designating El Salvador under the TPS program, the Attorney General stated that the designation and registration period would remain in effect from March 9, 2001, until September 9, 2002. *See* El Salvador Designation, 66 Fed. Reg. at 14214. The Attorney General's designation noted that individuals who met the requirements for TPS could apply within the initial registration period. *Id.* Individuals who did not apply during the initial registration period could register during any subsequent extension of designation if they met the requirements set forth in 8 C.F.R. § 244.2(f)(2). *Id.*

Pursuant to 8 C.F.R. § 244.2, aliens who do not apply for TPS during the initial registration period can file TPS applications during any subsequent

4

extension of the designation if they meet the statutory requirements and, at the time

of the initial registration period:

> (i)     the applicant [was] a nonimmigrant or ha[d] been granted voluntary departure status or any relief from removal;
> (ii)    The applicant ha[d] an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal;
> (iii)   The applicant [was] a parolee or ha[d] a pending request for reparole; or
> (iv)    The applicant [was] a spouse or child of an alien currently eligible to be a TPS registrant.

8 C.F.R. § 244.2(f)(2).

Mr. Alas-Murcia filed his application for TPS on October 9, 2003, over one

year after the initial registration period ended. Because Mr. Alas-Murcia failed to

file his application during the initial registration period or demonstrate his

eligibility for late initial registration under §244.2(f)(2), the IJ and the BIA

properly found him ineligible for TPS. Mr. Alas-Murcia argues, however, that the

registration requirements for TPS set forth in § 244.2 conflict with Congressional

intent concerning TPS applications.

We have thoroughly considered Mr. Alas-Murcia's challenges to the

regulation at issue and find them without merit. Congress gave the Attorney

General the express delegation of authority to determine and define the registration

period, which he did by issuing 8 C.F.R. § 244.2. See INA § 244(c)(1)(A)(iv), 8

U.S.C. § 1254a(c)(1)(A)(iv). We find that the Attorney General's promulgation of

5

§ 244.2 was based on a reasonable interpretation of § 1254a (c)(1)(A)(iv) and was not arbitrary, capricious, or manifestly contrary to law. *See Chevron*, 467 U.S. at 844.

The statutory language contemplates the Attorney General setting a specific time period for aliens to apply for TPS. *See* INA § 244(c)(1)(A)(iv), 8 U.S.C. § 1254a(c)(1)(A)(iv). Although §1254a(c)(l)(A)(i) provides that, to be eligible for TPS, an alien must have been continuously present in the United States since the "most recent designation," that does not make the regulatory creation of an initial registration period manifestly contrary to the statute. Indeed, the statutory phrase "most recent designation" has consistently been interpreted to refer to the initial registration period designated by the Attorney General. *See Cervantes*, 597 F.3d at 235 ("[T]he statutory phrase 'most recent designation' merely distinguishes the current designation of a foreign state for the TPS program from any prior TPS program designations of that same foreign state."); *De Leon-Ochoa v. Att'y Gen.*, 622 F.3d 341, 355 (3d Cir. 2010) (rejecting petitioners' argument that the phrase "most recent designation" should be read to refer the most recent extension of a state's TPS designation, rather than the initial designation of a state for TPS).

Nor does the creation of an initial registration period render the remaining statutory requirements for TPS eligibility superfluous. *See* INA § 244(c)(1)(A)(i)-(iv), 8 U.S.C. § 1254a(c)(1)(A)(i)-(iv). Finally, the creation of the initial

6

registration period is consistent with the fact that Congress expressly indicated that TPS was to apply to those aliens already in the United States, and was not meant to provide aliens with an incentive to come to the United States seeking such relief. *See* INA § 244(c)(5), 8 U.S.C. § 1254a(c)(5). *See also* Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. 63593-01 (stating that the late registration exception is "not intended to extend to persons who arrived in the United States . . . after the designation was made."). We therefore defer to the Attorney General's formulation of the initial registration period.

## III

We deny Mr. Alas-Murcia's petition for review.

**PETITION DENIED.**